# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:18 CR 00054 SNLJ |
| | ) | (ACL) |
| | ) | |
| WILLIE BERNARD HOLLYWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM
## IN SUPPORT OF WILLIE BERNARD HOLLYWOOD
## REQUESTING A DOWNWARD VARIANCE

COMES NOW Defendant, WILLIE BERNARD HOLLYWOOD, by and through his attorney, and respectfully provides this Honorable Court his Sentencing Memorandum, asking the court for a downward variance, and in support of thereof, Defendant states the following:

## INTRODUCTION

1. A strict application of the sentencing guidelines in the instant case overstates Willie Hollywood's criminal history. Due to a robbery conviction when he was 18-years-old, he is perceived as a career criminal. That incident occurred in November of 1995, just two months after Willie's birthday. He is now 42, and after sentencing, he will have spent a great majority of his adult life in prison.

2. The Presentence Investigation Report ("PSR") [Doc. # 79] cites multiple grounds for a sentence outside of the sentencing guidelines, including a childhood where meals were skipped, violence in the home, and verbal and emotional abuse from his parents. *See PSR ¶ 97*.

3. Several letters from Willie's family are also attached to this memorandum[1], and they describe Willie as someone who is a dependable, helpful, and supportive member of his family.

## APPLICATION OF SENTENCING GUIDELINES

4. In the case at hand, the Defendant pled guilty to one count of Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S. C. § 841(b)(1)(A), for events occurring on March 8, 2018. Specifically, Defendant purchased 9.49 kilograms of methamphetamine for approximately $74,000.00 from co-defendant Elme Ramon Sanchez Beltran, in Kennett, Missouri. *See PSR ¶ 16*.

5. Applying U.S.S.G. § 4B1.1, the PSR found Willie to be a career offender. The instant case is a controlled substance offense, and Willie has two prior felony convictions for either a crime of violence or a controlled substance offense. The applicable offenses are a prior Possession with Intent to Distribute Marijuana (1:06-CR-00166 SNLJ), and a conviction for a 1995 robbery, which occurred in Boone County, when Willie was 18-years-old (CR195-048546F).

6. As the instant Conspiracy offense has a maximum sentence of life in prison, the potential offense level is 34 in Criminal History Category VI, resulting in a guideline range of 262 to 327 months. *Id.*

7. Were the 25-year-old robbery case not applied against Willie's criminal history, the guideline range would be significantly lower. However, Willie remained in prison from the time of his arrest in that matter to June 1, 2004. Upon a strict reading of the sentencing guidelines, prior sentences are counted against a defendant, if he was incarcerated for a prior

---

[1] The letters are from the following, and attached hereto with the corresponding exhibit number:

offense within 15 years of the instant offense. U.S.S.G. § 4A1.2(e)(1). That 15-year look back applies not only to criminal history points, but also when applying a career offender enhancement. U.S.S.G. § 4B1.2, Note 3.

8. Mr. Hollywood argues that his criminal history in this matter is overstated. A strict analysis of the guidelines labels him as a career offender for an offense that occurred 25 years ago, when he was less than *two months* past his eighteenth birthday. Several people were charged in that case, and records obtained from Missouri CaseNet, which are attached hereto as "Exhibit 8", show that Willie was among youngest.

9. Court records also show that Willie's ten-year sentence was subject to § 559.115, RSMo, which allows the court decide whether or not to release a defendant after 120 days in prison. *See Exhibit 8, page 8.* In the 1995 case, it is unclear from court records why the full ten-year sentence was executed. The ultimate result, however, is that Willie remained in prison until 2004, and that term of imprisonment has remarkably enhanced his sentence in his present case.

10. If the career offender enhancements were not applied in this matter, the applicable guideline range would be 151 to 188 months. This analysis acknowledges a base offense level of 34. U.S.S.G. § 2D1.1(c)(3). It is reduced three levels for acceptance of responsibility. U.S.S.G. § 2E1.1(a) and (b). The resulting total offense level is 31. Applying Criminal History Category IV (criminal history score of 9), the resulting range of punishment is 151 to 188 months. *See U.S.S.G. Sentencing Table.*

11. If the 1995 robbery were not applied to Willie's criminal history points, Criminal History Category III (criminal history score of 6) would apply, resulting in a sentencing range of 135 to 168 months. *Id.*

---

"Exhibit 1"–Latasha Hollywood; "Exhibit 2"–Elaine Grant; "Exhibit 3"–Wilmeisha Burkett; "Exhibit 4"–Jermaine Hollywood; "Exhibit 5"–Betty and Willie Grady; "Exhibit 6"–Jermaine Carter; "Exhibit 7"–Carletta Coats

12. For the Court's reference, a chart summarizing the aforementioned discussion is attached hereto as "Guideline Analysis Chart". Also attached is a copy of the Sentencing Table that highlights the aforementioned guideline analyses.

13. When determining a sentence, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), in addition to the sentencing guidelines. *United States v. Booker*, 543 U.S. 220, 257 (2005). Under § 3553(a) the sentencing court shall impose a sentence sufficient, but not greater than necessary, to comply with the goals of § 3553(a)(2). The court may further consider the nature and circumstances of the offense and the history and characteristics of the Defendant when determining its sentence. 18 U.S.C. § 3553(a)(1).

## HISTORY AND CHARACTERISTICS

14. The PSR noted several facts that would warrant a departure from the guidelines, including, but not limited to, (1) Willie skipping meals as a child; (2) witnessing violence in the home, specifically his father beating his mother with pool sticks; (3) Willie being physically and emotionally abused by his parents. *PSR ¶ 97*.

15. Furthermore, Willie witnessed his parents using drugs and drinking alcohol on a regular basis, while growing up. *PSR ¶ 52*. Both his mother and father have prior felony drug convictions. *Id.* One may infer that as a result, the home was unstable, and Willie would occasionally miss meals and witness his father assault his mother with a pool cue. *Id.*

16. As a teenager, he fathered a daughter: Wilmeisha Burkett. In her letter, Wilmeisha explains that Willie was 16 when she was born, and that he was then responsible for taking care of Wilmeisha, her mother, and Willie's mother. *See Exhibit 3*. Essentially, Willie was tasked with providing for two families.

17. The letters written in support of Willie describe him as a selfless and dedicated member of the family. He is seen as someone that helps others in need, and is supportive of those around him. He is viewed as a dependable part of the family that people like to be around. He will provide help in the form of fixing a car, doing yard work, or being a sounding board for someone that needs to talk. *See Exhibits 1 to 7.*

18. Admittedly, all is not perfect in Willie's life. He has spent much of his adult life in jail or prison. His first term of incarceration began when he was just 18 years old. He remained imprisoned until 2004. Then, in 2006, he was indicted in the Eastern District of Missouri, detained, pled guilty and received an aggregate sentence of 106 months. He was released in 2014, and placed on supervised release. A revocation hearing in that case is now set with the sentencing hearing in the instant case.

19. Including the instant case, Willie has spent at least 16 years—most of his adult life—in prison or jail. He is only 42 years old.

## REQUEST FOR R.D.A.P. RECOMMENDATION

20. The PSR also notes that Willie began using alcohol and marijuana when he was 16. *PSR ¶ 60.* Prior to his current incarceration, Willie admitted to daily use of marijuana and occasionally using alcohol. *Id.* Willie may benefit from the Residential Drug Abuse Program (RDAP) wile in Bureau of Prisons custody. *PSR § 62.*

## CONCLUSION

21. In the case at hand, he admitted his illegal conduct, and entered a guilty plea to Conspiracy to Distribute Methamphetamine. The PSR, by virtue of finding him a career offender, states a guideline imprisonment range of 262 to 327 months. *PSR ¶ 78.* That range, however, uses a 25-year-old robbery from when Willie was barely 18-years-old. That prior

5

gravely overstates his criminal history, and subjects him to a guideline range that is not in congruence with 18 U.S.C. 3553(a)(2).  Such a range is overly-punitive and would subject him to at least 21 years in prison.  That sentence would cause Willie to be incarcerated for more than half of his entire life (and more than 80% of his adult life).

22. The instant charge is not a crime of violence, and the PSR makes no finding that Willie or his co-conspirators were using firearms in the instant case.  In fact, Willie admitted his conduct to investigators during a post-arrest interview.

23. Finally, the letters provided to the Court show that Willie is someone that is valued in his community.  He is often described as a caring individual that is a positive presence in their lives, and they look forward to seeing him again.

WHEREFORE Defendant, Willie Bernard Hollywood, respectfully provides to this Honorable Court his Sentencing Memorandum, asking the court for a downward variance, or with any other relief as this court deems just and proper.

Respectfully submitted,

THE BOROWIAK LAW FIRM, LLC

  /s/Zachary J. Borowiak
ZACHARY J. BOROWIAK, MO58855
Attorney for Defendant
225 S. Meramec, Ste. 1100
St. Louis, MO 63105
(314) 537-2351 (Telephone)
(314) 269-1042 (Facsimile)
borowiaklaw@gmail.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and accurate copy of the foregoing was served upon all counsel of record on this 18th day of August, 2020, via the Court's electronic filing system.

                                                               /s/Zachary J. Borowiak