UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 1:18-cr-00054-SNLJ |
| ) | ORDER ON MOTION FOR |
| WILLIE BERNARD HOLLYWOOD, ) | SENTENCE REDUCTION UNDER |
| ) | 18 U.S.C. § 3582(c)(1)(A) |
| Defendant. ) | (COMPASSIONATE RELEASE) |

# ORDER

This matter is before the Court on defendant's pro se motion for compassionate release pursuant to the First Step Act [Doc. 103]. For the reasons set forth below, the motion will be denied.

## I.     BACKGROUND

On January 21, 2020, the defendant pleaded guilty to one count of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine [Doc. 74].  At the sentencing hearing on August 24, 2020, the defendant was sentenced to a term of imprisonment of 262 months [Doc. 95].  Defendant filed the instant motion on July 2, 2025, asking the Court to reduce his 262-month sentence to 120 months of imprisonment [Doc. 103].  The Federal Public Defender filed notice on July 10, 2025, that no supplemental motion would be filed [Doc. 104].

## II.    LEGAL STANDARD

The First Step Act of 2018 allows a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a

failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." Pub. L. No. 115-391, 132 Stat. 5194, § 603(b); 18 U.S.C. § 3582(c)(1)(A).  Upon a defendant's motion, the Court may reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).  Compassionate release is only appropriate when "[t]he defendant is not a danger to the safety of any other person or to the community . . . ." U.S.S.G. § 1B1.13(a)(2).

### III.  DISCUSSION

Defendant has not shown any extraordinary or compelling reasons warranting compassionate release.  His motion makes no convincing arguments for why he should be released early.  He states that "believes that he was infected with the COVID-19 Virus . . . ." during the pandemic (Doc. 103).  However, there is no indication that he is or was not being treated appropriately or that he is suffering from terminal illness.

The defendant also brings up several claims that collaterally attack his conviction and the sentencing guidelines calculations.  These matters, of course, are not properly raised in a compassionate release motion.  Even if they were, they all fail.  He first complains that this Court did not consider his youthful age when he committed an armed robbery at age 18.  This Court in fact considered all mitigating factors as required by 18 U.S.C. sec. 1533(a).  He next complains that he no longer qualifies as a career offender, mainly because his robbery conviction was not a crime of violence.  This allegation is

2

patently refuted by the detailed description of defendant's involvement in the robbery conviction as set out in Paragraph 40 of the Presentence Investigation Report, facts that defendant admitted are true. Next, the defendant claims that the indictment is fatally defective. This claim is frivolous.

Finally, in revisiting the Section 3553(a) factors, this Court is unwilling to reduce the sentence because defendant a career offender, was the leader in a conspiracy to distribute nearly 10 kilos of methamphetamine, and he is still a threat to society.

Based on all the factors, the Court will not reduce the defendant's sentence under 18 U.S.C. § 3582(c).

### IV.     CONCLUSION

For the foregoing reasons, the Court will deny defendant's pro se motion for a reduction in sentence pursuant to the First Step Act.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's pro se motion for compassionate release [Doc. 103] is **DENIED**.

**SO ORDERED** this 11th day of July, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE